UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

Moshe Yaacov Scharf as Personal Representative
of the Estate of Mirah Scharf,

Shmuel Scharf individually and as guardian of
Y.S., C.S. and G.S.

               Plaintiffs,

          v.

Islamic Republic of Iran and
Ḥarakat al-Muqāwamah al-ʾIslāmiyyah, a.k.a
the Islamic Resistance Movement, a.k.a Hamas

               Defendants.

---------------------------------------------------------------x

Civil Action No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiffs Moshe Yaacov Scharf and Shmuel Scharf, by their attorneys Kreindler &

Kreindler LLP and The Silverman Law Firm, allege the following:

## PARTIES

       1.     Plaintiff Moshe Yaacov Scharf is a U.S. citizen, the brother in law of decedent

Mirah Scharf, and a Personal Representative of the Estate of Mirah Scharf.

       2.     Plaintiff Shmuel Scharf is an Israeli citizen and the husband of the decedent

Mirah Scharf, and the father and legal guardian of their three minor children, Y.S., C.S. and G.S.

       3.     Defendant the Islamic Republic of Iran ("Iran") is, and at all relevant times was, a

foreign state within the meaning of 28 U.S.C. §1391(f) and 1603(a) and has been designated as a

state sponsor of terrorism within the meaning of the Export Administration Act of 1979, 50

U.S.C. App. § 2405(I), the Foreign Assistance Act of 1961, 22 U.S.C. §2371(b) and the Anti-

Terrorism Act, 18 U.S.C. § 2333.

4.     Defendant Ḥarakat al-Muqawamah al-Islamiyyah, a.k.a. the Islamic Resistance Movement, a.k.a. Hamas ("Hamas") is a para-military organization operating in Israel and surrounding territories.  Hamas has engaged in a campaign of terror in Israel for many years with the support and assistance of Iran.  Hamas is a designated Foreign Terrorist Organization pursuant to §219 of the Immigration and Nationality Act, as amended by the Anti-terrorism and Effective Death Penalty Act of 1996.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1605A, 1330(a), 1331 (federal question), 1332(a)(2) (diversity jurisdiction), 1350 (alien tort claims act), and 18 U.S.C. § 2333 (Anti-Terrorism Act).

6.     The acts alleged herein constitute the provision of material support or resources for terrorist acts, including but not limited to the targeting, injuring and killing of United States citizens, and subject all defendants to this Court's personal and subject matter jurisdiction. *See* 28 U.S.C. § 1605A and 18 U.S.C. § 2339 et seq.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (c), in that, as foreign aliens, defendants may be sued in any district.

## STATEMENT OF FACTS

8.     On November 15, 2012, the building in the southern Israeli town of Kiryat Malachi in which Mirah Scharf, her husband Shmuel Scharf and their three children were staying was hit by a Grad missile fired by defendant Hamas.  Mirah died as a result of injuries from the blast.  She was nearly nine months pregnant at the time of the attack.

9.     Mira's husband, Shmuel, was injured during the blast and hospitalized for the resultant head and limb wounds.  Their three children were also injured and had to be

2

hospitalized. Their 4-year-old son, Y.S. suffered a chest trauma and had to have several fingers amputated.

10.     The Scharfs worked for Chabad, an organization dedicated to fostering the knowledge of Judaism and providing for the welfare of Jews worldwide. The Scharfs were in Israel so that Mirah could give birth there to their fourth child, and also to attend the memorial for the Chabad members killed in the 2008 terrorist attacks in Mumbai, India.

11.     The Ezzedeen al Qassam Brigades are the military wing of Hamas. On November 15, 2012, shortly after the attack that killed Mirah and injured her family members, Hamas issued a press release claiming responsibility. The press release stated: "In an hour; Al Qassam Brigades fired 121 missiles, three Israelis killed. Al Qassam Brigades is declaring its responsibility for the following operations as a response to Zionist aggression on the Palestinian civilians." The list of attacks which followed included a 07:50 attack of five Grad missiles fired at Kiryat Malachi.

12.     The 122mm Grad missile fired by Hamas that killed Mirah Scharf and injured her husband and children can be fired from either a truck-mounted multiple rocket launcher or a hand-held launcher. The Grad missiles, as well as the technology to produce them, are manufactured by Iran and smuggled to Hamas in the Gaza Strip. According to the United States Department of State, in the year leading up to the November 15, 2012 attack Iran provided Hamas with extensive funding, training and weaponry. Large amounts of Iranian arms were regularly smuggled from Iran through Egypt and into the Gaza Strip.

13.     Several months prior to the November 15 attack, Iran's religious leader, Ayahtollah Ali Khamenei, reaffirmed Iran's role in supporting the anti-Israeli activities of Hamas. He stated: "[w]e have intervened in anti-Israel matters, and it brought victory in the 33-

3

day war by Hezbollah against Israel in 2006, and in the 22-day war between Hamas and Israel in the Gaza Strip. From now on, in any place, if any nation or any group confronts the Zionist regime, we will endorse and we will help. . . . [Israel is a] cancerous tumor that should be cut and will be cut."

14. Since shortly after the founding of Hamas in 1987, Iran has provided material support and resources to Hamas, including military training, weaponry, bases for training and storing weapons and explosives, safe havens, communications equipment, financial support and services, and transportation.

15. Iran's financial support to Hamas is predicated on the quantity and effectiveness of Hamas' attacks upon Israel. The bulk of the funds Iran forwards to Hamas are used not for peaceable purposes but to bolster Hamas' terrorist actions and suicide missions.

16. United States Federal Courts have repeatedly held Iran liable to victims of state-sponsored terrorism, particularly for terrorist acts carried out by Hamas in Israel.

<u>COUNT I</u>

**WRONGFUL DEATH CLAIM AGAINST IRAN AND HAMAS**
**(on behalf of Moshe Yaacov Scharf as Personal Representative of the Estate of Mirah Scharf)**

17. Plaintiff restates the allegations in paragraphs 1-16 above as if fully set forth herein.

18. On November 15, 2012, during the Kiryat Malachi terrorist attack, defendants were directly engaged in acts of international terrorism which were intended to target, hurt and kill civilians.

19. During the preparation, planning and execution of the Kiryat Malachi terrorist attack, the conduct of defendants Iran and Hamas was extreme and outrageous. This extreme

4

and outrageous conduct included, but was not limited to targeting civilian-occupied buildings with the intention of causing death and injuries.

20.     During the preparation, planning and execution of the Kiryat Malachi terrorist attack, defendants Iran and Hamas acted intentionally and recklessly.

21.     As a direct and proximate result of the acts of international terrorism committed by defendants, as set forth above, defendants caused Mirah Scharf and her family to suffer severe and permanent injuries, damages and losses, including but not limited to the following:

  a.  Economic damages, including but not limited to, the pecuniary losses suffered by plaintiff and decedent's remaining survivors, as a result of decedent's death, including but not limited to, loss of support, loss of services, loss of parental care and guidance, and loss of prospective inheritance; and

  b.  Non-economic damages, including but not limited to, the loss of consortium, solatium, society, companionship, care, comfort and love suffered by plaintiff and decedent's other survivors.

22.     By reason of the foregoing, defendants Iran and Hamas are each liable to plaintiff, individually and as the personal representative and/or surviving family member of plaintiff's decedent, for compensatory damages in excess of $75,000, such amount to be determined by a jury.

23.     This Court has the authority and jurisdiction to hear plaintiff's claims and award plaintiff damages pursuant to 28 U.S.C. §§1331 (federal question), 1332 (diversity jurisdiction), 1350 (alien tort claims act) and 18 U.S.C. § 2333 (Antiterrorism Act).

## COUNT TWO

## SURVIVAL CLAIMS AGAINST IRAN AND HAMAS

**(On behalf of Moshe Yaacov Scharf as Personal Representative of the Estate of Mirah Scharf)**

24.     Plaintiff restates the allegations in paragraphs 1-23 above as if fully set forth herein.

25.     As a direct and proximate result of the acts of Hamas and Iran, decedent suffered conscious pain and suffering and fear of her impending death, entitling her estate to compensatory damages under governing law.

26.     By reason of the foregoing, defendants are liable to plaintiff, as the personal representative of plaintiff's decedent, for compensatory damages in excess of $75,000, such amount to be determined by a jury.

27.     Further, for their willful, wanton and criminal misconduct, defendants are liable to plaintiff, individually and as the personal representative and/or surviving family member of plaintiff's decedent, for punitive damages in excess of $75,000, such amount to be determined by a jury.

28.     This Court has the authority and jurisdiction to hear plaintiff's claims and award plaintiff damages pursuant to 28 U.S.C. §§1331 (federal question), 1332 (diversity jurisdiction), 1350 (alien tort claims act) and 18 U.S.C. § 2333 (Antiterrorism Act).

## COUNT THREE

### PERSONAL INJURY CLAIMS AGAINST IRAN AND HAMAS
### (On behalf of Shmuel Scharf individually and as guardian of Y.S., C.S. and G.S.)

29.     Plaintiff restates the allegations in paragraphs 1-28 above as if fully set forth herein.

30.     During the planning and execution of the Kiryat Malachi terrorist attack, Hamas and Iran acted intentionally and recklessly.

31.     During the planning and execution of the Kiryat Malachi terrorist attack, the conduct of Hamas and Iran was extreme and outrageous. This extreme and outrageous conduct included, but was not limited to targeting civilian occupied buildings with the intention of causing death and injuries.

32.     As a direct and proximate result of the direct acts of international terrorism committed by Hamas as set forth above, defendant has caused plaintiff Shmuel Scharf and his three children to suffer severe and permanent injuries, damages and losses, including but not limited to the following:

> a. Non-economic damages, including but not limited to, losses suffered by plaintiffs as a result of their physical, mental and emotional injuries, including pain and suffering and their loss of enjoyment of life; and

> b. Economic damages, including but not limited to the loss of earnings, loss of earning capacity and medical expenses.

33.     Hamas and Iran intended that Shmuel Scharf and his children suffer from their severe injuries and distress, or Hamas and Iran were aware of a high probability that their conduct would cause such injuries and distress.

34.     By reason of the foregoing, Hamas and Iran are liable to plaintiff individually and as guardian of Y.S., C.S., and G.S. for compensatory damages in excess of $75,000, such amount to be determined by a jury.

35.     Further, for their willful, wanton and criminal misconduct, Hamas and Iran are liable to plaintiff individually and as guardian of Y.S., C.S., and G.S. for punitive damages in excess of $75,000, such amount to be determined by a jury.

36.     This Court has the authority and jurisdiction to hear plaintiff's claims and award

plaintiff damages pursuant to 28 U.S.C. §§1331 (federal question), 1332 (diversity jurisdiction),

1350 (alien tort claims act) and 18 U.S.C. § 2333 (Antiterrorism Act).

## COUNT FOUR

### WRONGFUL DEATH CLAIM AGAINST IRAN FOR PROVIDING MATERIAL SUPPORT AND AIDING AND ABETTING
### (on behalf of Moshe Yaacov Scharf as Personal Representative of the Estate of Mirah Scharf)

37.     Plaintiff restates the allegations in paragraphs 1-36 above as if fully set forth

herein.

38.     On November 15, 2012, during the Kiryat Malachi terrorist attack, Iran provided

material support or resources and aided and abetted acts of international terrorism which were

intended to and did target, hurt and kill civilians including plaintiffs and the decedent, Mirah

Scharf.

39.     Defendant Iran was aware of the goals of Hamas and was aware or should have

been aware that the aid and assistance furnished to Hamas would aid and abet Hamas' terrorist

activities, including the targeting of civilian occupied buildings with the intention of causing

death and injuries.

40.     As a result of the acts of aiding and abetting international terrorism, as set forth

above, Iran caused plaintiffs and plaintiff's decedent to suffer severe and permanent injuries,

damages and losses, including but not limited to the following:

      a.  Economic damages, including but not limited to, the pecuniary losses suffered by

          plaintiff and decedent's remaining survivors, as a result of decedent's death,

including but not limited to, loss of support, loss of services, loss of parental care
and guidance, and loss of prospective inheritance; and

b. Non-economic damages, including but not limited to, the loss of consortium,
solatium, society, companionship, care, comfort and love suffered by plaintiff and
decedent's other survivors.

41.     By reason of the foregoing, defendant Iran is liable to plaintiff, individually and
as the personal representative and/or surviving family member of plaintiff's decedent, for
compensatory damages in excess of $75,000, such amount to be determined by a jury.

42.     This Court has the authority and jurisdiction to hear plaintiff's claims and award
plaintiff damages pursuant to 28 U.S.C. §§1331 (federal question), 1332 (diversity jurisdiction),
1350 (alien tort claims act) and 18 U.S.C. § 2333 (Antiterrorism Act).

## COUNT FIVE

### SURVIVAL CLAIMS AGAINST IRAN FOR PROVIDING MATERIAL SUPPORT AND AIDING AND ABETTING
### (On behalf of Moshe Yaacov Scharf as Personal Representative of the Estate of Mirah Scharf)

43.     Plaintiff restates the allegations in paragraphs 1-42 above as if fully set forth
herein.

44.     On November 15, 2012, during the Kiryat Malachi terrorist attack, Iran provided
material support or resources and aided and abetted acts of international terrorism which were
intended to and did target, hurt and kill civilians including plaintiffs and the decedent, Mirah
Scharf.

45.     Defendant Iran was aware of the goals of Hamas and was aware or should have
been aware that the aid and assistance furnished to Hamas would aid and abet Hamas' terrorist

activities, including the targeting of civilian-occupied buildings with the intention of causing death and injuries.

46.     By reason of the foregoing, for Iran's willful, wanton and criminal misconduct, it is liable to plaintiff, individually and as the personal representative and/or surviving family member of plaintiff's decedent, for compensatory damages in excess of $75,000 and for punitive damages, such amount to be determined by a jury.

47.     This Court has the authority and jurisdiction to hear plaintiff's claims and award plaintiff damages pursuant to 28 U.S.C. §§1331 (federal question), 1332 (diversity jurisdiction), 1350 (alien tort claims act) and 18 U.S.C. § 2333 (Antiterrorism Act).

## COUNT SIX

### PERSONAL INJURY CLAIMS AGAINST IRAN FOR PROVIDING MATERIAL SUPPORT AND AIDING AND ABETTING
### (On behalf of Shmuel Scharf individually and as guardian of Y.S., C.S. and G.S.)

48.     Plaintiff restates the allegations in paragraphs 1-47 above as if fully set forth herein.

49.     During the planning and execution of the Kiryat Malachi terrorist attack, Iran acted intentionally and recklessly.

50.     During the planning and execution of the Kiryat Malachi terrorist attack, the conduct of Iran was extreme and outrageous.  This extreme and outrageous conduct included, but was not limited to targeting civilian occupied buildings with the intention of causing death and injuries.

51.     As a result of the acts of providing material support and aiding and abetting international terrorism, Iran  has caused plaintiff Shmuel Scharf and his three children to suffer severe and permanent injuries, damages and losses, including but not limited to the following:

    c.  Non-economic damages, including but not limited to, losses suffered as a result of physical, mental and emotional injuries, including pain and suffering and loss of enjoyment of life; and

    d.  Economic damages, including but not limited to the loss of earnings, loss of earning capacity and medical expenses.

52.    Iran intended that Shmuel Scharf and his children suffer from their severe injuries and distress or Hamas and Iran were aware of a high probability that their conduct would cause such injuries and distress.

53.    By reason of the foregoing, for Iran's willful, wanton and criminal misconduct, it is liable to plaintiff, individually and as legal guardian of Y.S., C.S., and G.S. for compensatory damages in excess of $75,000 and for punitive damages, such amount to be determined by a jury.

54.    This Court has the authority and jurisdiction to hear plaintiff's claims and award plaintiff damages pursuant to 28 U.S.C. §§1331 (federal question), 1332 (diversity jurisdiction), 1350 (alien tort claims act) and 18 U.S.C. § 2333 (Antiterrorism Act).

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
      November 14, 2014

                        KREINDLER & KREINDLER LLP


By:        /s/ James P. Kreindler
           James P. Kreindler (JK7084)
           750 Third Avenue
           New York, NY  10017-5590
           (212) 687-8181
           (212) 972-9432 (Fax)
                  -- and --

11

THE SILVERMAN LAW FIRM
16 Squadron Boulevard
New City, NY  10956